SOLOMON BLOCK and Another, Respondents, v. JONAS
B. ROBITSCHER, Appellant.

(Supreme Court, Appellate Term, First Department, June, 1920.)

Contracts — when correspondence insufficient to make out a con-
tract — offer — orders — sales — when complaint dismissed.

Where a letter of defendant in answer to one from plaintiff
the day before, giving an order for goods, was obviously a
counter offer and another letter from defendant written about
three months later was a clear notification to plaintiff that any
offer was of necessity withdrawn owing to a fire in defendant's
mill, thus rendering impossible the filling of the order, the
correspondence is insufficient to make out a contract, and a
judgment in plaintiff's favor for refusal to deliver will be
reversed and the complaint dismissed.

APPEAL by defendant from a judgment of the Munic-
ipal Court of the city of New York, borough of Man-
hattan, first district, entered upon the verdict of a jury
in favor of plaintiff.

Siegel, Corn & Siegel (Bernard Steuer, of counsel),
for appellant.

Max L. Arnstein (Philip Wolinsky, of counsel), for
respondents.

FINCH, J.   One question of law is presented in this
case, namely, whether the letters, being the exhibits in
the case, make a contract.   Plaintiff's Exhibit 1, being
the letter of June 26, 1916, states:

" Please enter our order for four cases style 1730
as our style 26 Balbriggan Underwear, same assort-
ment as had this season.   Delivery — 2 cases February
15th, 1 case March 1st and 1 case April 1st."

The letter from the defendant in answer states:

Appellate Term, First Department, June, 1920. [Vol. 112.

" We have your kind favor of the 26th, and appreciate the order you have given us for four cases of style 1730 at $2 a dozen, terms — Net 10–60 P. O. B. Mill. We will see that the mills make better boxes, and that they come in good condition."

The next letter from the defendant was October 9, 1916, which states:

" I regret to advise you that the mill making the Men's and Boy's Balbriggan Underwear, with whom you have placed your orders through us has had a fire and have been unable to resume operation.

" However, if the mill is able to resume its business you can rest assured that the order you placed with us will be delivered."

The next letter from the plaintiffs to the defendant was October 17, 1916, and states:

" We note with regret that your mill making Balbriggan Underwear that we have on order with you has had a fire and that you are in doubt as to your ability to deliver our goods next Spring. This is a serious matter to us, and as we entrusted our order with you, we hope you will use every effort towards the execution of this order or to place our business with other mills that we may get delivery of our goods.

" We presume it will be impossible for us at this time to succeed in placing our order with other mills for these goods, and as our loss in this regard will be entirely through entrusting our order with you, you can readily see that it is reasonable for us to hold you accountable and to expect that you will work us out of this difficulty somehow or other."

After this letter was mailed the plaintiffs dictated and mailed on the same day, October seventeenth, the following:

" Pursuant to ours of even date we will accept anything at all in the shape of Balbriggan Underwear that can be delivered in the same class garment as

we have on order with you, whether ribbed tail or hemmed tail, back strap or tape back.

'' We have this merchandise sold and we are sure that owing to advanced prices to date our customers will hold us responsible for delivery.  You can ship us anything in that class of goods that you think will fill the bill.''

Respondent contends that the letter of October ninth was not a withdrawal of the offer and that the second letter mailed on October seventeenth constituted an acceptance of the letters of June twenty-sixth and twenty-seventh.  Passing the question as to whether the acceptance of an offer for merchandise made in the ordinary course of business after three and a half months had elapsed could be said to be within a reasonable time, still it seems clear that there was no contract at all.  The letter of the defendant of June twenty-seventh, answering the letter of plaintiffs on June twenty-sixth, was obviously a counter offer and the letter of October ninth was a withdrawal of such counter offer.  Said letter of October ninth was a clear notification to the plaintiffs that any offer was of necessity withdrawn because as matters then stood, owing to a fire in the mill, it was impossible to fulfill the order.  Whether there was hope of filling the order in the future was in the realm of uncertainty.

It follows that the judgment should be reversed, with thirty dollars costs, and the complaint dismissed, with costs.

GUY, J., dissents.

Judgment reversed, with thirty dollars costs.